## In re NATHANSON.

District Court, D. Massachusetts. December 30, 1927.

### No. 36920.

Bankruptcy ⬯255—For occupancy by receiver or trustee of premises leased to bankrupt, landlord is entitled to fair rental value, presumptively amount reserved in lease.

Where receiver and trustee in bankruptcy, in the course of administration of the estate, occupied premises leased to bankrupt, the landlord is entitled to recover their fair rental value, presumptively the rent reserved in the lease, and not merely the amount that the estate can afford to pay, or that the occupancy was worth.

In Bankruptcy. In the matter of Alexander Nathanson, bankrupt. On review of order of referee. Modified.

John H. Sullivan, of Taunton, Mass., for bankrupt.

J. J. Silverman, of Boston, Mass., for creditors.

Samuel Susser and Joseph B. Jacobs, both of Boston, Mass., for D. Rubin, petitioner (lessor).

Michael Richman, of Boston, Mass., for trustee.

BREWSTER, District Judge. The certificate of the referee, which is before me, shows that a receiver and trustee in bankrupcy occupied premises of one David Rubin, who had leased the premises to the bankrupt under a written lease, in which he had reserved rent at the rate of $300 per month.

It appears from the papers in the case that the receiver or trustee was in possession from August 29 to October 8, one month and nine days. For this period the referee has found $142 to be as much as the occupancy was worth to the bankrupt estate.

This case would seem to be controlled by In re Adams Cloak, Suit & Fur House (D. C.) 199 F. 337, and In re Crawford Plummer Co. (D. C.) 253 F. 76. These cases recognize the right of the landlord to recover a fair rental value of the premises occupied by a receiver or trustee in the course of the administration of the estate. His right is not limited by the amount that the estate can afford to pay. In re Crawford Plummer, supra.

There is nothing in the record to indicate that there were any special circumstances to rebut the presumption that the rent reserved in the lease was a reasonable rent.

A proper disposition of the case would be to allow the landlord $390 for the period during which the premises were occupied by the officers of this court, unless the trustee should apply forthwith to the referee for further hearing, which he would be justified in doing only if he has a reasonable expectation of showing that $300 per month was in excess of the fair rental value.