## GASTON et al. v. RUTLAND R. CO.

Circuit Court of Appeals, Second Circuit. November 4, 1929.

No. 151.

J. W. Redmond, of Newport, Vt., and Horace H. Powers, of St. Albans, Vt., for appellants.

Edwin W. Lawrence, of Rutland, Vt., for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above). The District Court in part proceeded on the theory, as claimed by the appellee, that the receivers could not repudiate the contract and lease until they were relieved of the necessity for using the property involved in carrying out their obligation under the law to operate the branch road. It is admitted by the receivers that neither at or before the time they gave notice of their election to abrogate had they been relieved, nor had they filed any petition to be relieved, by the Interstate Commerce Commission of such liability; but they insisted that they had the right to elect not to adopt the contract notwithstanding this, and say, in effect, that their subsequent use of the property is immaterial, because it was involuntary, in that it was compelled by their necessity to avoid abandonment of the line.

■ ■ Granting the undoubted duty of the receivers to operate this branch line until lawfully relieved from so doing (49 USCA § 1, par. 18), it does not follow that they could not elect to repudiate the existing contract when they did. Ordinarily, receivers have a reasonable time in which to elect whether or not to adopt executory contracts. This, of course, includes leases. Sparhawk et al. v. Yerkes et al.; 142 U. S. 1, 12 S. Ct. 104, 35 L. Ed. 915; American File Co. v. Garrett, 110 U. S. 288, 4 S. Ct. 90, 28 L. Ed. 149; United States Trust Co. v. Wabash Western Railway, 150 U. S. 287, 14 S. Ct. 86, 37 L. Ed. 1085; Butterworth v. Degnon Contracting Co., 214 F. 722 (C. C. A. 2d). No question is made but that the receivers gave notice of their election not to adopt the contract within a reasonable time, and no user of the property up to the time of such notice affected their right to make this election. Butterworth v. . Degnon Contracting Co., supra. Indeed, their election was within the time limited by their order of appointment for taking such action.

■ Having exercised their right to terminate the contract and lease, and given notice of such election in unmistakable language, the

express contractual relations between the parties thereto were brought to an end. When they had thus renounced their express contractual right to use the property, the receivers gave notice of their intention to use it, and offered to pay a reasonable price for such use. They not only took advantage of their ability to end an existing contract, but undertook to make a new one on terms which they dictated. They now seek to maintain their right to name the new terms, on the ground that they were bound by law to continue to operate their trains over the bridge and land. Yet this duty to operate their trains did not carry with it the right to use property of the Rutland Railroad in so doing on terms imposed upon the owner without its consent. That company insisted, and promptly notified the receivers, that any use by them of the property must be in accordance with the terms of the contract. Continued use after such notice fixed the terms of the user, for the lessor and not the lessee was then empowered to dictate the terms of the additional use of the property. Black v. La Porte (C. C. A.) 271 F. 620–623; Amsden v. Blaisdell et al., 60 Vt. 386, 15 A. 332; 16 R. C. L. 688.

What happened is plain. The receivers needed to use the property, at least until relieved by the Interstate Commerce Commission of their obligation to operate the branch road. They considered the existing arrangement for use onerous, brought it to an end, and offered the Rutland a new rate of payment on the basis of whatever would be reasonable. The Rutland then could have treated further use of the property by the receivers either as an act of trespass or tenancy. Black v. La Porte, supra. It elected to treat it as a tenancy. It could then accept the terms of payment offered by the receivers, or fix its own terms. It did the latter by requiring the receivers to adopt the arrangement theretofore existing, if they used the property. The receivers then, knowing that their offer of new terms of payment had been rejected, had the choice of using the property on the Rutland terms or vacating it. They chose to use it, and thereby reinstated and adopted the contract and lease they had repudiated.

▇ That their choice was compelled by the necessity of operating the road until they obtained leave to abandon it has no bearing now on the effect of their action. As previously pointed out, they had a reasonable time in which to decide whether or not to adopt the existing arrangement. They repudiated it within such time, but did so when they knew they must continue to use the property for a while, at least, under

some arrangement. Because their own new terms for use were refused, they had to accept those which were offered. We are not called upon to decide whether a reasonable time to determine to, or not to, adopt the contract, would have included whatever delay an application to the Interstate Commerce Commission for leave to abandon and its decision would have required, because the election was made without any such application. The reasonableness of permitting receivers in the position of these an opportunity to find out whether they could do without the use of the property involved, provided they took timely action to that end, before having to decide whether or not to adopt a contract for its use, is not without force, however.

The trial court, after hearing, found that for the welfare of the Central the receivers should adopt the contract and lease. While the evidence was by no means all one way on this subject, it was sufficient to support the finding, and we accept it accordingly.

▇ Finally it is claimed that the receivers could not appeal from the order, because it was administrative and rested upon the discretion of the court that appointed them. Bosworth v. Terminal Railroad Association of St. Louis, 174 U. S. 182, 19 S. Ct. 625, 43 L. Ed. 941, is ample authority in support of the right to appeal, since this claim was by an intervener and was antagonistic to the rights of both parties to the original suit.

Decree affirmed.