JENSEN et al. v. SPARKES.

SPARKES v. JENSEN et al.

Nos. 6533, 6534.

Circuit Court of Appeals, Ninth Circuit.

Nov. 9, 1931.

Henderson Stockton, Allan K. Perry, E. G. Frazier, Thomas P. Riordan, and Stanley A. Jerman, ·all of Phoenix, Ariz., for the Jensens.

Walter J. Thalheimer, of Phoenix, Ariz., for Sparkes.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

WILBUR, Circuit Judge.

These appeals were briefed and ·argued together. They involve the relative rights of the trustee in bankruptcy and the landlord of the bankrupt under a lease executed by appellant Albert Jensen and the bankrupt, November 30, 1928. This lease provides for the leasing of two lots in Superior, Pinal county, Ariz., for five years beginning upon the completion or occupation of the building to be constructed by the lessor. The lessee agreed to pay the sum of $175 per month on the first of each month. It was agreed that the lease was for five years and not from month to month. The lease provided that upon its execution the lessee should pay the lessor $1,500, "being, approximately, for the last eight and four-sevenths months of the five years period covered by the lease." It was agreed that the lessor should pay interest on the $1,500 at the rate of 10 per cent. per annum, payable semiannually from the date of payment, "and shall continue in effect pro tanto, until the entire $1500 shall have been earned and absorbed by rent for the period to which it is made herein to pertain."

On July 18, 1930, the bankrupt filed a petition in bankruptcy, and on July 21, 1930, he was duly adjudged a bankrupt. On August 21, 1930, T. J. Sparkes, trustee in bankruptcy, appellee, qualified as trustee. The building mentioned in the lease was completed and possession taken March 1, 1929. The bankrupt continued to occupy the premises until he filed his petition in bankruptcy. The bankrupt failed to pay rental for the months of April, May, and June, and the first seventeen days of July, 1930, amounting to $621. The landlord paid the bankrupt prior to bankruptcy, $187.50 interest upon the $1,500 above mentioned. The trustee in bankruptcy abandoned the lease and vacated the premises on the 24th day of September, 1930. Neither the bankrupt nor the trustee paid any sum to the landlord on account of the rents or the use and occupancy of the premises after the filing of the petition· in bankruptcy. On October 1, 1930, appellants leased the premises to the Carroll Chevrolet Motor Company upon a written lease for the entire balance of the term and for the further period extending to October 1, 1935, at a rental of $100 per month, $125 per month for the next five months, and the balance of the term of the lease at $150 per month. This lease was made upon the most favorable terms possible. Appellants filed a claim with the referee in the bankruptcy proceedings for the sum of $621, being the rent due from the bankrupt at the time the bankruptcy proceedings were initiated. The appellants, in their claim, allege the payment to them of said $1,500, "being the last rent to accrue under said lease and covering approximately the last eight and four-sevenths months of the term of said lease." Appellants announce themselves ready to pay the trustee in bankruptcy the interest provided for by the terms of the lease on said $1,500. The trustee objected to the allowance of a claim for $621.

On the hearing the referee ordered the sum of $1,500 paid by the bankrupt under the terms of the lease, together with $45.30 accrued interest to be paid by the claimants to the trustee, less the sum of $621 due claimants for rental which accrued prior to the bankruptcy proceedings, and the further sum of $220 which was allowed as the reasonable use and occupancy of the leased premises by the trustee from the date of bankruptcy, September 24, 1930, amounting in all to the sum of $704.30, upon the theory that the $1,500 was advanced as security by the tenant to the landlord and was not a payment of rent.

On certification to the United States District Judge the order was so far modified that the sum for the use and occupation of the premises from July 18, 1930, to October 1, 1930, was fixed at $429, which was the same amount as was reserved in the lease of appellants. It was ordered that the claimants pay the trustee in bankruptcy the balance of said $1,500 amounting to $495.30. Claimants base their appeal from this order solely upon the ground that the $1,500 paid them by the bankrupt at the time of the execution of the lease was a payment of rent and not an advancement for security. The trustee in bankruptcy takes a cross-appeal from that portion of the order of the District Judge overruling the referee and fixing the value of the use and the occupation of the premises at the sum of $429 instead of $220 from the period of July 18, 1930, to October 1, 1930. With reference to the latter appeal it is sufficient to say that the order of the District Judge fixing the rental value of the place at the amount reserved in the lease was not so unreasonable as to justify the interference of this court with the discretion vested in the District Judge, notwithstanding that there was evidence which would sustain a lower rental.

The primary question in the case is whether or not upon a proper construction of the lease payment of $1,500 should be deemed to have been made to secure the landlord in the performance of the terms of the lease by the tenant. In this connection it will be noted that the landlord agreed to pay interest on the money paid to him by the tenant. This is inconsistent with the theory that the money belonged to the landlord. If the payment were intended to be of the last eight and four-sevenths months of the lease, a proper method for arriving at the amount of payment would have been to pay the present worth of the future payment which at 10 per cent. would be approximately 50 per cent. of the rent, or about $750. It is true that the agreement on the part of the landlord to allow 10 per cent. on the payment made to him would have the same practical effect in the long run, but the agreement to pay interest is an indication of the intent of the parties that the title of the money should remain in the tenant instead of the landlord. Moumal v. Parkhurst, 89 Or. 248, 173 P. 669.

The fact that the landlord had gone to considerable expense in building would be a reason for requiring security for the performance of the terms of the lease. It will be observed that the lease provides: "Upon the non-payment of the whole, or any portion of the said rent when the same is above promised to be paid, the first party may, at his election, either restrain for said rent due, or declare this lease at an end, and recover possession as if the same was held by forcible detainer."

No provision is made in the lease as to the disposition of $1,500 rental already paid.

We think on the whole that the trial court was right in concluding that the $1,500, while nominally rental, was actually an advancement to secure the landlord in the performance of the terms of the lease by the landlord.

We conclude that the order of the District Court should be affirmed.