**TEXAS & N. O. R. CO. v. PHILLIPS.**

No. 13736.

United States Court of Appeals
Fifth Circuit.

May 10, 1952.

Rehearing Denied June 27, 1952.

Ben White, Houston, Tex., for appellant.

Fred Much, Bennett B. Patterson, Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Appealing from a judgment affirming an order of the referee, lessor is here complaining of the denial of its petition for the surrender to it of premises it had leased to the bankrupt.

While the record is unduly voluminous and the briefs are too long, the real issues in the case are in small compass, and we think may be easily disposed of. Three in number, they are: (1) Did the court err in failing to find, that the lease had terminated according to its provisions, and that petitioner was entitled to possession of the premises free of all claims; (2) If this is not so, did it err in failing to find, that the lease was not timely assumed by the trustee, and to hold that possession of the premises, free of all claims, must, therefore, be delivered to petitioner; (3) If right in both these respects, did not the court err in failing to hold that the option in the lease to purchase the property is limited to a purchase on credit, is, therefore, personal to the lessee, and under the rule of Menger v. Ward, 87 Tex. 622, 30 S.W. 853, cannot be exercised by the trustee or his assigns.

For the reasons hereafter briefly stated, with respect to each of them, we are of the opinion that a negative answer to the three questions is demanded and that the judgment must be affirmed.

While it is undisputed that there were serious breaches of the lease, it is also undisputed that no automatic forfeiture was provided for. The answer to the first question, therefore, turns upon the answers to the subordinate ones: (1) Were the written notices given by the lessor, first to the lessee,[1] and next to the trustee,[2] in

---

1. Douglass Sulphur Co.   "Nov. 10, 1949.
   *   *   *   *   *   *
   "Gentlemen:
   "This letter will serve as notice to Douglass Sulphur Company, in accordance with the provisions of Article 1(b) of the lease between Texas and New Orleans Railroad Company, Lessor, and Douglass Sulphur Company, Lessee, that Douglass Sulphur Company has breached the aforesaid lease in each and all of the following respects:
   "1. Failure to pay rental as and when due under the terms of said lease, there being a net balance due as of Nov. 14, 1949, after making all offsets, of $1,180.-19.
   *   *   *   *   *   *
   "Lessor reserves the right to resort to any and all of the remedies available to it because of the aforesaid breaches of the lease."

2. Written not as a notice of forfeiture with a demand for compliance but in reply to the letter of the trustee that he had elected to assume the lease, the letter read:
   "H. A. Phillips, Esquire,
      Trustee in Bankruptcy,
   *   *   *   *   *   *
   "Dear Sir:
   "Your letter of June 13, 1950, signed by you and Mr. Fred Much, jointly, has been received.

   "With regard to the matters recited in your letter, we would like to call your attention to the motion of Texas and New Orleans Railroad Company now on file and pending with the Referee in Bankruptcy that the former lease between Douglass Sulphur Company and Texas and New Orleans Railroad Company be adjudged terminated and that you be ordered to surrender possession of these premises. As noted in this motion, the lease in question was terminated and concluded by its terms so that it is incapable of ratification and assumption by you.
   "We would like to call your attention, further, to the fact that the lease has been breached in the several respects pointed out in the notice of termination, a copy of which is attached, marked Exhibit 'B' to Texas and New Orleans Railroad Company's motion referred to above, and continues to be so breached. We would like to call your particular attention to the fact that the lease in question requires in Article III that the plant for the handling and processing of sulphur be continuously operated. Of course, it has not been so operated and is not being so operated at the present time. The lease for each and all of these reasons is therefore terminated.
      "Yours very truly,
         Baker, Botts,
         Andrews & Parish."

compliance with the provision[3] for the termination of the lease; and (2) If they were, did the lessee fail to put itself in compliance within the sixty days thereafter provided for in the lease.

■ We think it plain that the letter to the lessee was ineffective both because it was not sent to the bankrupt until after the petition for reorganization had been filed and the bankrupt was in possession of the lease under the order of the court as debtor in possession, and because the letter was not, as required in the lease, a notice of termination. It was a mere complaint of conditions, coupled with a statement, not that lessor was exercising his right to terminate but that he was lodging the complaints and reserving for later action in assertion of them all his rights arising thereout.

■■ It is settled law that, except where leases provide for automatic cancellation for breaches, these normally furnish bases for claims for damages not for forfeiture, and when, as here, termination is provided for on certain terms, those terms must be strictly and precisely complied with. There was no such compliance here. As to the letter to the trustee, it did not even purport to be the sixty day notice provided for in the lease. It was written in answer to the trustee's letter of assumption. It was but a reiteration of the position taken in the lessor's petition filed in the bankruptcy proceeding, that the lease had terminated and lessor was entitled to retake the premises.

■ We are of the opinion, therefore, that when the Trustee undertook to assume it, though the lease had been breached, it had not been terminated as provided for in it. It was, therefore, existing as a lease and passed to the Trustee as an asset of the bankrupt's estate. No effective notice of termination having been given, it is not material to inquire whether the tender of the rent by the trustee was a sufficient tender to prevent forfeiture.

■■ Since the lease was not assumed within sixty days, the subordinate question, the answer to which furnishes the basis for answering the second question, is whether the order extending the trustee's time for assumption was legal and binding, as insisted by the trustee, or whether, because of the procedural irregularities asserted, it was, as claimed by appellant, illegal and not binding.

We are not greatly impressed by the claims of procedural irregularities. Indeed, we think them completely lacking in substance.

In its claim that the failure to give it formal notice invalidated the extension order, appellant has, we think, misapprehended the purpose and effect of the statute authorizing the extension. Such an order is one entered in the routine administration of the estate. It may, in the discretion of the referee, be entered with or without notice, and there was therefore no necessity for giving notice[4] of the request. Nor is appellant in a stronger posi-

3. "(b) This lease shall continue in full force and effect for a period of ten (10) years from the date hereof, hereinafter referred to as 'primary term', subject, however, to the terms and conditions hereinafter recited, and upon the happening of a breach of any one or all of them, or at any time thereafter, or for failure to make the payments hereinafter provided for, *this lease may be terminated on sixty (60) days written notice to the Lessee;* provided that the Lessee shall have the right within said sixty days and after having received written notice, to cure any default or breach of the contract by it paying any money or moneys than regularly due thereunder, and to do and perform any act required by it under

the contract, which being done by the Lessee, said default or breach complained of shall be cured and waived." (Emphasis supplied.)

4. Federal Rules of Civil Procedure, Rule 6(b), 28 U.S.C.A., "Enlargement" "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed. * * *." Dulaney v. Coppard, 5 Cir., 145 F.2d 468; Collier on Bankruptcy, 14th Ed. Vol. 4, Sec. 70.43, p. 1231.

tion on its claim that the trustee's action in assuming the lease was ineffective because the action was not authorized by the referee.

In the first place, as shown by the referee's certificate, the action was authorized. In the second place, the statute does not require prior authorization as a condition of a valid assumption. Cf. 11 U.S.C.A. § 110 sub. b. All that we held in Green v. Finnigan Realty Co., 5 Cir., 70 F.2d 465, 466, was that "Under the present Bankruptcy Act, the trustee ought (that is, it was a matter of good practice) to get the authority or ratification of his court." We did not hold that this was essential to its validity.[5]

■ Coming to the third and final question, whether the option to purchase the leased premises, contained in the lease, was for credit only and, therefore, personal to the lessee, it is quite plain, we think, from its terms,[6] that it was not such an option. In Menger v. Ward, supra, relied on by appellant, the option was precisely and specifically limited to a purchase on credit. Here the option was to purchase it for a specifically named sum, $30,000. The only reference to credit follows the statement that, of this sum, not less than $5000.00 shall be paid in cash, and the balance in five equal annual installments.

It is quite plain: that the option was not one for credit only; that it was one for cash or credit; and that, a sale for the whole price in cash is in accordance with its terms. Cf. 51 C.J.S., Landlord and Tenant, § 85, page 645, where the distinction here made is clearly drawn.

The judgment denying the petition of the lessor was right, and it is affirmed.

5. Cf. Remington, Bankruptcy, 4th Ed. Vol. 4, p. 95; 6 Am.Jur., pp. 1105, 1109, 1112.

6. "(b) Lessee, during the primary term of this lease, shall have *the option to purchase the premises* herein leased together with the portions of said two tracks now located thereon *for the sum of Thirty Thousand Dollars, of which not less than Five Thousand Dollars*

*shall be paid in cash of the time of delivery of deed,* the balance to be paid in five equal annual installments, in one, two, three, four and five years from date of deed, with interest at the rate of five per cent per annum, payable annually on the unpaid balance, until final payment is made; said installment payments to be secured by Vendor's lien on said property." (Emphasis supplied.)