In the Matter of **FIRST RESEARCH CORPORATION**, Debtor.
**DON ALLEN CHEVROLET, INC.,** Appellant,
v.
**Robert P. FOREMAN, Trustee, Appellee.**
No. 72–1023
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.
March 30, 1972.

* ▆ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**332**

Louis M. Jepeway, Jepeway, Gassen & Jepeway, Miami, Fla., for appellant.

Phillip Schiff, Miami, Fla., for Foreman.

William R. Dawes, John H. Gunn, Miami, Fla., for First Research Corp.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Don Allen Chevrolet, Inc. appeals from the Order of the District Court upholding an Order of the Referee in Bankruptcy fixing the amount of administrative rent payments owed by Robert P. Foreman, Trustee in Bankruptcy for First Research Corporation, for the use and occupancy of Don Allen's office building situated in Miami, Florida. The Referee, after full hearing, found "that a reasonable rental for the period commencing March 2, 1970, and expiring February 2, 1971, is the sum of $2,685.18 per month and that a reasonable rental for the period commencing February 2, 1971, is the sum of $3,600.-00 per month." Don Allen, on appeal, claims that it is entitled to $3,600 per month for the entire period of time. We disagree and affirm the Order of the District Court in all respects.

On December 15, 1966, Don Allen entered into a written lease with the First Research Corporation of Florida. The term of the lease was for twenty years at a monthly rental of $2,188.17. Additionally, First Research was obligated for all taxes, assessments and liens levied or assessed against the property. Taking these items into consideration, the monthly rental approximated $2,685.18.

After First Research filed a Petition for an Arrangement under Chapter X or Chapter XI of the Bankruptcy Act, Don Allen elected to terminate and cancel the lease in accordance with the terms thereof. Subsequently, Robert P. Foreman was appointed Trustee for the bankrupt, and both he and the bankrupt remained in possession and occupancy of the property, without the Trustee having paid anything to the landlord until June 4, 1971. In due course, Don Allen filed its petition in the bankruptcy proceedings seeking payment by the Trustee of the amount due to the landlord for the use and occupancy of the property by the Trustee and the debtor. A hearing was held on the petition on February 2, 1972, and the Referee allowed the amounts ultimately adopted by the District Court in the Order from which Don Allen appeals. The parties agree that the amount set forth in a lease is only presumptively the fair rental during the occupancy by a trustee or a receiver in bankruptcy. In Green v. Finnigan Realty Co., 5 Cir., 1934, 70 F.2d 465, we stated that

". . . The receiver like any other trespasser becomes liable to pay the reasonable worth of the premises for occupancy, whether more or less than the rent under the lease, together with any special damages occasioned by his detention of them. The rate of rental fixed by the disclaimed lease is presumably reasonable, but it is not con-

 

clusively so. * * * We think, moreover, in this case that the fair inference of fact is that Finnigan Realty Company did not demand possession because it did not wish a vacant building and preferred that the trustee should occupy it subject to its contention about the amount of rent to be paid. If there was consent, express or implied, to the trustee's occupancy, there arose as to him a new tenancy at will or by sufferance at an implied reasonable rent, and not a tenancy by holding over under the old lease at the rental fixed by it."

Id. at 467. See also In re Millard's, Inc., 7 Cir., 1930, 41 F.2d 498, 499.

Don Allen introduced the unrebutted expert testimony of Fred P. Hartnett to the effect that a reasonable rental value for the premises was about $4.75 a square foot, or about $3,600 monthly. Hartnett testified that from the time the parties originally entered into the lease in 1966, to the date that he testified, the value of the property had increased considerably. However, Hartnett's testimony concerned only the value of the property as of the date of his testimony, February 9, 1971. No testimony was elicited from him concerning the reasonable value during the period from March 2, 1970, expiring February 2, 1971. While there is an inference that the value of the property had increased during this period, there is no evidence to show the precise extent of the increase or exactly when it occurred. On the basis of the record before us, the matter is one of speculation. The record shows that Don Allen demanded payment from the Trustee during the period on the terms of the original lease by letter dated June 12, 1970. The District Court's Order fixing reasonable rental payments on the terms of the original lease and in accordance with Don Allen's demand was not clearly erroneous. Moreover, because Don Allen offered uncontradicted testimony that the reasonable rental value had increased to $3,600 per month by February of 1971, the Court's finding that payments subsequent to that date should be increased is correct.

Affirmed.