In re REGENCY CHEVROLET, INC. and Regal Lincoln–Mercury, Inc., d/b/a Regency Lincoln–Mercury, Debtors.

**MERITBANC SAVINGS ASSOCIATION, Movant,**

v.

**REGENCY CHEVROLET, INC. and Regal Lincoln–Mercury, Inc., d/b/a Regency Lincoln–Mercury, Respondents.**

Bankruptcy Nos. 89–04773–H3–11, 89–04774–H2–11.

United States Bankruptcy Court, S.D. Texas, Houston Division.

June 15, 1990.

Joe Klaus, Farley, Klaus, Smith & Biela, Houston, Tex., for movant.

George R. Neely, Neely & Kieter, Houston, Tex., for debtors/respondents.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

Came on for consideration the Emergency Motions to Compel Debtor to Surrender Possession of Non–Residential Leasehold Premises and for Payment of Administrative Claim Filed by Movant, Meritbanc Savings Association ("Meritbanc"). After considering the pleadings and memoranda filed by counsel, the court makes the following findings of fact and conclusions of law and enters a separate Judgment in connection herewith.

To the extent any findings of fact herein are construed to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law herein are construed to be findings of fact, they are hereby adopted as such.

### Findings of Fact

1. Debtors Regency Chevrolet, Inc. ("Regency Chevrolet") and Regal Lincoln–Mercury, Inc., d/b/a Regency Lincoln–Mercury ("Regal Lincoln–Mercury") filed voluntary petitions under Chapter 11 on June 28, 1989. (Docket No. 1).

2. Meritbanc is the owner of the property on which the Debtors conducted their business.

3. Meritbanc also holds an assignment of Lease Agreements and Rents from Melvin B. Reist, Joseph H. Bogar and Charles H. Bass (Assignors).

4. Regal Lincoln–Mercury neither assumed nor rejected the lease agreements. Thus they were deemed rejected by operation of Section 365(d)(4) on August 28, 1989.

5. The time for assuming or rejecting the Regency Chevrolet lease agreement was extended to September 28, 1989, after which date the lease terminated.

6. Debtors did not pay any rentals due under the lease agreements subsequent to June 28, 1989.

7. David J. Askanase was appointed Trustee for Regal Lincoln–Mercury on October 10, 1989 and for Regency Chevrolet on January 5, 1990 (Docket Nos. 90, 160).

8. Regal Lincoln–Mercury vacated the leased premises on September 7, 1989.

9. Regency Chevrolet vacated the leased premises on January 4, 1990.

10. The Rental Rate in the Regal Lincoln–Mercury lease reads "Seventeen Thousand Five Hundred Dollars ($10,000.00)" (Sic).

11. The Rental Rate in the Regency Chevrolet lease reads "Seventeen Thousand Five Hundred Dollars ($14,000.00)" (Sic).

**62**

## Conclusions of Law

1. Rental payments due are to be allowed as administrative claims under Section 503(b).

2. Meritbanc alleges superpriority (under Section 507(a)(1)). However, where the Debtor has not made lease payments and the Trustee has vacated the premises and there is a doubt whether the estate has funds to pay its administrative claims in full, there is no "superpriority" for unpaid postpetition nonresidential lease payments. *In re Granada,* 88 B.R. 369, at 374–75 (Bankr.D.Utah 1988).

3. Prior to rejection, the landlord is entitled to the rental rate required by the lease. *In re M.H.I., Inc.,* 61 B.R. 69 (Bankr.D.Md.1986).

4. After rejection, Debtor is required to pay the reasonable rental value of the premises. *In re Chandel Enterprises, Inc.,* 64 B.R. 607 (Bankr.C.D.Cal. 1986).

5. The lease rate is presumed to be reasonable; *In re Green v. Finnigan Realty,* 70 F.2d 465 (5th Cir.1934), but this is not a conclusive presumption. *In re First Research Corp.,* 457 F.2d 331 (5th Cir. 1972).

6. The written provisions in the lease control over the numerals. *In re Guthrie v. National Homes Corp.,* 394 S.W.2d 494 (Tex.1965).

7. Meritbanc is entitled to an allowed administrative claim for rent for the Regal Lincoln–Mercury lease agreement for sixty days until deemed rejected at the lease rate of $17,500.00 per month and for the ten days of occupancy after rejection at reasonable value, which is presumed to be the lease rate, for a total of $40,833.33.

8. Meritbanc is entitled to an allowed administrative claim for rent for the Regency Chevrolet agreement for the three months until it was rejected, at the lease rate of $17,500.00 per month, and for the three months and seven days of occupancy after rejection at reasonable value, which is presumed to be the lease rate, for a total of $109,083.33.

9. Meritbanc's Emergency Motion to Compel Debtor to Surrender Premises is moot since Debtor has left the premises.

Based upon the foregoing Findings of Fact and Conclusions of Law, the court grants Meritbanc's Motion to allow administrative claim, but not "superpriority" status pursuant to 11 U.S.C. § 507(a)(1).