NEW YORK,
May, 1819.

Jackson
v.
Groat

---

JACKSON, *ex dem.* LIVINGSTON and others, *against* GROAT.

EJECTMENT, for a farm in Columbia county, leased by H. W. Livingston, (under whom the lessors claim as devisees,) to one Brusee, during the lives of himself and his wife. The lease was dated May 2d, 1798.

The cause was tried at the Columbia circuit, September, 1824, before WALWORTH, C. Judge; where the only question was, whether the premises were forfeited by violating the covenant of tenth sale in the lease. This covenant was by the lessee, that if he, his executors, administrators or assigns, should be minded or inclined to sell or dispose of their estate, &c., it should be lawful for them to do so, first giving pre-emption to the lessor, his heirs or assigns. And on every such sale or assignment, should pay to the lessor, his heirs or assigns, a tenth part of the purchase money. And provided further, that if the lessee, his executors, administrators or assigns, should leave the possession, &c., or if they should not well and faithfully observe and perform all, and every the articles, covenants and agreements in the lease, on their part to be performed; then the lease and estate granted, to cease, &c.; and it should be lawful for the lessor, his heirs and assigns, to enter, &c.

April 21st, 1817, the lease was assigned by the lessee's administrator, (he first paying the 10th sale,) to one Williams; who, on the 17th of March, 1823, (without offering the pre-emption to the lessors,) assigned to the de-

A covenant by a lessor, that if the lessee see or his assigns shall be minded to sell or dispose of their interest, they may do so, first giving the pre-emption to the lessor, and paying one tenth of the purchase money to him; provided, that if these be not done, the lease shall be forfeited, is valid; and extends not only to an immediate assignment by the lessee, but to his assignee, either by operation of law or voluntary sale. And if the latter assign without offering the pre-emption, and paying the tenth of the money, the lease is forfeited.

NEW YORK,  fendant *for the consideration of $450. The defendant re-
May, 1827.  fused to pay the 10th sale on the last assignment.
Jackson       Verdict for the defendant, subject to the opinion of this
v.          court.
Groat.

*K. Miller*, for the plaintiff. The covenants were no doubt
legal and valid; (18 John. 174; 15 id. 278;) and we con-
tend that they cover each and every sale or assignment, by
the tenant, his executors, administrators, or assigns.

*E. Williams*, contra. Whether an action of covenant
would lie, is one question. The last assignment is not a
forfeiture. The action is for a penalty; and the covenant
should be construed with great strictness. Covenants in
restraint of alienation are barely tolerated. They are odi-
ous, and not to be extended by construction. The parties
must bring themselves strictly within such a covenant.
We say this covenant was binding on the lessee alone; and
relates only to the first alienation. The word assigns does
not mean remote assignees, or those by operation of law;
but immediate purchasers, or voluntary assignees. (15
John. 279, 280, per Platt, J. and cases there cited.)

*Miller*, in reply. The remedy depends on the provisions
of the contract. I admit that we must bring ourselves
literally within it; and we have done so. While the courts
will not create forfeitures by intendment, yet they will al-
ways enforce the contracts of parties according to their plain
provisions. Every assignment, whether by the immediate
lessee, or by his assignee, is provided for. If the money
be not paid, the forfeiture is incurred. I do not deny that
the sale must be voluntary. It is so; and by one who is
expressly named in the covenant; by one who is bound in
terms. No discrimination is made in the lease between
voluntary, or other assignees.

*Curia*, per SUTHERLAND, J. The only question is,
whether the covenants of pre-emption and of tenth sale,
[*287]   *are confined to the first assignment only. The validity

of these covenants is fully established by the case of *Jackson*, ex dem. *Stevens* v. *Silvernail* (15 John. 278,) and *Jackson*, ex dem. *Lewis and wife* v. *Schutz*, (18 John. 174.)

The covenants extend to every alienation. The terms are too clear and explicit to admit of any question. They are, that if the party of the second part, his executors, administrators or assigns, shall be inclined to sell or dispose of their estate in the premises, it shall be lawful for them so to do, provided they first give the pre-emption to the lessor, his heirs or assigns; and on every such sale or assignment, pay one tenth of the purchase money to the lessor, &c. The term assigns, clearly embraces every purchaser by voluntary sale, as well as upon execution. It is much more appropriate to the former than the latter; and we have no right to say the parties did not mean to use the term in its ordinary legal sense.

Judgment for the plaintiff.