### Erich Menger v. J. Ward.

No. 267.

**1. Practice in Supreme Court.**

An appellant can not complain of an error committed against a party who does not appeal ....... ............. .......... .... .................,........ 626

**2. Landlord and Tenant—Subletting Includes Assigning.**

A covenant in a lease that the lessee had the right to sublet the premises runs with the land and authorizes the lessee to assign the lease. Such assignment conveys the term. After assignment by lessee he could not surrender the lease or any right under it ....................................... 626

**3. Contract—New Relations.**

Rights arising out of contract can not be transferred if they involve a relation of personal confidence, such that the party whose agreement conferred these rights must have intended to be exercised only by him in whom he actually confided. Pollock on Contracts, 4 ed., 425............................ 626

**4. Same—Right to Buy Not Assignable.**

A lease conceded to the lessee the right to buy the leased premises, and gave the right to sublet. A mortgage of the premises by the lessee was good as to the term of the lease, but did not pass the privilege of buying......... 627

Writ of Error to Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

The opinion gives a sufficient statement.

*S. G. Newton* and *Peter Shields* for plaintiff in error.—Rights arising out of a contract can not be transferred if they are coupled with a

liability, or if they involve real or personal confidence, without the consent of the parties.

The contract of lease entered into between Schuehle and Menger contained an option to purchase on Schuehle paying one-fourth cash and the balance in one, two and three years. Smelting Co. v. Mining Co., 127 U. S., 369; Commissioners v. Safe and Lock Co., 133 U. S., 473–488; Burck v. Taylor, 12 U. S. Supreme Court Advance Sheets; Ice Co. v. Patter, 123 Mass., 28; King v. Patterson, 13 R. I., 117–120; Lansden v. McCarthy, 45 Mo., 106.

The authority to sublet any part or portion of the property as contained in the lease from Menger to Schuehle did not authorize Schuehle to mortgage the same, and the court erred in rendering judgment foreclosing the mortgage on Ward on the leasehold interest. Le Gierse v. Green, 61 Texas, 131; Harvey v. McGrew, 44 Texas, 412; Railway v. Settegast, 15 S. W. Rep., 228; Mathew v. Whitaker, 23 S. W. Rep., 538; Moser et al. v. Tucker et al., 26 S. W. Rep., 1044.

*McLeary & Stayton,* for defendant in error.—1. The surrender of the term does not operate to extinguish the right or interest already granted by a mortgage or other undertaking, but is subject to that interest, for the support of which the original term still continues. Especially would this be true where the mortgagor seeks to surrender the leasehold in fraud of the rights of the mortgagee, as in the case at bar. Taylor on Land. and Ten., 7 ed., sec. 440; 2 Story Eq. Jur., sec. 1011; Loan and Discount Co. v. Drake, 6 Com. B., N. S., 798.

2. Stipulations in a lease providing for its renewal or extension, and providing for sale of the leased premises during the term, are covenants running with the land, and create a vendible interest which can be enforced by a purchaser of the leasehold, unless there should be some inhibition in the lease itself or in some statute controlling such cases.

As to covenant of renewal or extension: Taylor on Land. and Ten., 7 ed., sec. 332; Robinson v. Perry, 68 Am. Dec., 455; Tracy v. Exchange Co., 57 Am. Dec., 539.

As to covenant of sale: Kruegel v. Berry et al., 75 Texas, 230; Hager v. Buck, 8 Am. Rep., 368; Willard v. Taylor, 8 Wall., 571; Norman v. Wells, 17 Wend., 136–138.

As to vendible interest: Kerr v. Day, 53 Am. Dec., 526; Phyfe v. Wendell, 28 Am. Dec., 430; 1 Jones on Mort., sec. 136; Bennett v. Vansyckle, 4 Duer, 472; Hasbrook v. Paddock, 1 Barb., 639.

As to statutory inhibition and its construction: Railway v. Settegast, 79 Texas, 257; Taylor on Land and Ten., 7 ed., sec. 403.

As to the duty of mortgagor to protect mortgagee: Clark v. Baker, 76 Am. Dec., 449; Den v. Wright, 11 Am. Dec., 547.

BROWN, ASSOCIATE JUSTICE.—Erich Menger and J. Schuehle entered into the following contract of lease for a certain piece of land in the city of San Antonio:

"STATE OF TEXAS, }
"County of Bexar. }

"This contract, made and entered into this the 20th day of April, A. D. 1892, between Erich Menger, of Bexar County, Texas, of the first part, and J. Schuehle, of Bexar County, Texas, of the second part, witnesseth:

"First. The party of the first part leases to the party of the second part, for the period of one or two years, with the privilege of five years, at the same rental as named herein, commencing the 20th day of April, A. D. 1892, ending the 20th day of April, 1894 or 1897, the following described property and premises, situated in Bexar County, State of Texas, to wit:

"The party of the first part hereby grants and herein binds himself, his heirs, and assigns, to the party of the second part, the privilege of purchase of the above described premises at any time within five years from the date of this instrument, for the sum of three thousand dollars, upon the following terms: one-quarter cash, balance in equal installments on or before one, two, and three years; deferred payments to bear interest at the rate of ten per cent per annum.

"Permission is herein granted by the party of the first part to party of the second part to sublet, within the period of time conferred by this instrument, any part or portion of the above described premises.

"Second. For and in consideration of the above premises, the party of the second part agrees to pay the party of the first part the sum of six hundred dollars, rent of the above named premises, per annum, to be paid monthly, in the payment of ($50) fifty dollars, at the end of each and every month. It is understood that the above mentioned consideration includes the use of as well as the benefits to be derived from, all the improvements contained within the above described premises.

"Third. At the expiration of this lease the party of the second part agrees to quit and surrender the said premises in as good condition as a reasonable use and wear thereof will permit.

"Witness our hand this the 20th day of April, 1892.

"E. MENGER,
"J. SCHUEHLE."

We omit the description of the property, as being immaterial in this investigation.

Schuehle went into possession under this contract and constructed upon the property an ice plant, with houses and all necessary fixtures,

which we will not set out particularly. On the 22nd day of July, 1892, Schuehle, J. Ward, and C. H. Brewster formed a partnership, and Schuehle afterwards bought out Brewster, and on the 6th day of October, 1892, he also bought out Ward and gave him a note for $5000, with a mortgage on this property to secure the note, from which mortgage we make the following extract:

"Know all men by these presents, that I, Jacob Schuehle, of the county of Bexar and State of Texas, party of the first part, for and in consideration of five thousand dollars to me in hand paid by Jeremiah Ward, of the county of Bexar, State of Texas, the receipt whereof is hereby acknowledged, have bargained and sold, and by these presents do bargain and sell, unto said Jeremiah Ward, the party of the second part, the following property, to wit, one twelve-ton ice plant, etc., * * * together with all cooling rooms and lease of the property to its termination, with all privileges appertaining to said lease given to me by said Erich Menger, and all fixtures and connections now used or may be used in the manufacture of ice and cooling the cold storage rooms on said premises."

This instrument provided, in case of default, that Ward should take possession and sell the property at public sale. The note not being paid, Ward took possession, and then turned the same over to Schuehle to hold and run for him. On the 9th day of December, 1893, Schuehle and Ward, in writing, authorized J. H. McLeary to sell the property, and he advertised it for sale. On the 12th of the same month Schuehle voluntarily surrendered the lease and premises to Menger, giving him a quitclaim deed thereto.

Menger sued out an injunction in the District Court of Bexar County to prevent the sale under the mortgage to Ward.

Upon the trial, the District Court dissolved the injunction as to a part of the fixtures placed upon the land, and the lease, and perpetuated it as to one house thereon. Upon appeal, the Court of Civil Appeals reversed and reformed the judgment perpetuating the injunction as to all of the improvements, but dissolving it as to the sale of the lease of the land and the privilege of renewal, as well as the privilege of purchase.

Menger presents the case to this court on three propositions, viz:

1. That the authority to sublet any part or portion of the property as contained in the lease from Menger to Schuehle did not authorize Schuehle to mortgage the same, and the court erred in rendering judgment foreclosing the mortgage of Ward on the leasehold estate.

2. The option to purchase as contained in the lease from Menger to Schuehle could not be mortgaged or assigned without the consent of Menger.

3. There being no allegations authorizing the recovery of attorney's fees, they should not have been allowed.

The last ground is correctly disposed of by the Court of Civil Appeals, upon the ground that Menger has no right to complain of the judgment against Schuehle, who does not appeal.

The first point presented was correctly decided by the Court of Civil Appeals, and we need not discuss it further. Schuehle had the right under the terms of the lease to make the mortgage to Ward upon the leasehold estate, and the purchaser of that estate under the sale under the mortgage would take it with the privilege of extending the lease for the full term of five years under the same limitations and obligations as Schuehle held it. It was a covenant that run with the land. Taylor on Land. and Ten., sec. 332.

After Schuehle made the mortgage and Menger had notice of it, Schuehle could not surrender the lease or any right that he could have assigned so as to effect the rights of Ward.

The Court of Civil Appeals held, that the mortgage from Schuehle to Ward carried with it the right to sell the privilege of purchase secured, by the lease, to Schuehle. It has been held in a number of courts, that where the lease contains an agreement that the lessee may purchase the land during the continuance of the lease, the assignment of the lease conveys to and invests in the assignee the same right. Kerr v. Day, 14 Pa. St., 112; Jackson v. Livingston, 7 Cow., 285; Laffan v. Naglee, 9 Cal., 662; Hall v. Center, 40 Cal., 63; Schroeder & Franklin v. Gemeinder, 10 Nev., 355. If it be true that under the facts of this case an assignment of the lease would have invested the assignee with the right of purchase, then it must be held that the mortgage authorizes the sale of the leasehold with that right, as a consequence of the sale, being vested in the purchaser.

In all of the cases cited and all that we have found which hold the doctrine that the assignment of the lease carries with it the privilege to purchase the property where that right is given to the lessee by the contract, the terms of purchase prescribed were for cash, or no terms of payment were fixed beforehand. In such case it might be consistently held, that the privilege was not personal, for the reason that in the exercise of the right no new contractual relations would be created in case of cash payment, and in cases where no terms were fixed, the owner of the land could make the payment cash if he did not choose to grant a credit, and thus the terms would be a matter of agreement.

There is, however, an important principle in the law of contracts applicable to the facts of this case, that distinguishes it from the cases cited, which is well stated, thus: "Rights arising out of contract can not be transferred if they involve a relation of personal confidence, such that the party whose agreement conferred those rights must have intended them to be exercised only by him in whom he actually confided." Pollock on Con., 4 ed., p. 425; Lansden v. McCarthy, 45 Mo.,

106; Arkansas Smelting Co. v. Belden Mining Co., 127 U. S., 379; Commissioners v. Safe and Lock Co., 133 U. S., 473; Burk v. Taylor, 152 U. S., 632.

In Lansden v. McCarthy, cited above, the keeper of a hotel had a contract with a butcher, whereby the butcher agreed to sell the hotel keeper meat for the use of the hotel for a year, on certain terms which involved the giving of credit. The hotel was sold, and the seller transferred to the purchaser the butcher's contract. The butcher refused to comply with the contract, and the Supreme Court of that State (Missouri) held that the contract was not assignable. The court said: "The contract imposed no obligation upon the defendant to accept as his debtors any other parties than those with whom he contracted. Nor was he under any obligation to experiment for a month, and determine at the end of it whether he would go on with his contract according as he should or should not succeed in securing prompt payment. He was willing to give Bedard & Knickerbocker credit; but it does not thence follow that he was willing to give credit to the plaintiffs, even for a month or any part of it. Whether or not he would do so was a question for him alone to determine. He could not be forced into it against his will by an assignment of the contract without his consent."

In the relation of debtor and creditor there is more than simply the financial ability of the debtor and the value of the security given; the character of the man is oftentimes worth more than his property as an assurance of prompt payment, and security of that which he holds upon which the lien exists. But it is useless to speculate upon reasons that might be assigned why a creditor might prefer one man to another as his debtor; it is his right to make his own contracts, with which courts can not interfere except to enforce them as made.

The result in this case would be not only that the assignee Ward could become a debtor to the lessor without his consent, but in case the property is sold at public sale under the mortgage, any one who might purchase would have the same right, and thus the owner of the property would by the judgment of the court be forced to make a contract, with one not selected by and perhaps not known to him, to whom he must trust valuable rights for a period of three years.

We conclude, that the mortgage did not convey to the mortgagee the right to sell the privilege of purchasing the land, and that the District Court and Court of Civil Appeals erred in directing the sale of that right. The judgments of both courts are reversed, and judgment will be entered in this court dissolving the injunction as to the sale of the leasehold estate, with the right of renewal as therein provided for, and that the injunction be perpetuated as to all other matters therein mentioned, that the plaintiff Menger pay the costs of the District

Court, and that Ward pay all costs of the Court of Civil Appeals and of this court.

*Reversed.*

Delivered April 1, 1895.