## SOUTHERN COMMUNITY GAS CO. et al. v. HOUSTON NATURAL GAS CORPORATION.

### No. 11638.

Court of Civil Appeals of Texas. San Antonio.

Oct. 2, 1946.

Rehearing Overruled Oct. 30, 1946.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, Thompson, Knight, Harris, Wright & Weisberg, J. Hart Willis, and James E. Henderson, all of Dallas, for appellants.

Blades, Chiles, Moore & Kennerly, of Houston, Fischer, Lyle & Burney, of Corpus Christi, and B. F. Whitworth, of Houston, for appellee.

MURRAY, Justice.

This suit was instituted by Houston Natural Gas Corporation against Southern Community Gas Company, Southern Coast Corporation and S. C. Lewis, seeking specific performance of a certain portion of a contract between The Nueces Corporation, on the one hand, and Southern Com-

munity Gas Company and Southern Coast Corporation, on the other, dated December 29, 1943. The rights asserted by Houston Natural Gas Corporation were based upon an alleged assignment, on January 25, 1945, by The Nueces Corporation, of all its rights under said contract to Houston Natural Gas Corporation. The suit was defended upon the theory that the asserted rights were nonassignable.

The trial was before the court without a jury and resulted in a finding that rights were assignable and therefore plaintiff was given a judgment for specific performance. From that judgment Southern Community Gas Company, Southern Coast Corporation and S. C. Lewis have prosecuted this appeal.

The facts are practically undisputed and but one question is presented which relates to the assignability of the right which The Nueces Corporation had to repurchase and repossess a gas transmission pipe line.

Originally The Nueces Corporation, hereinafter referred to as Nueces, owned a gas transmission line extending from the Clarkwood Area to the City of Robstown in Nueces County. On December 29, 1943, Nueces entered into a written contract with Southern Community Gas Company and Southern Coast Corporation, hereinafter referred to as Southern, among other things conveying the above described gas transmitting pipe line to Southern. Paragraph 5 of the contract provided for an option to repurchase and repossess this gas line in the following language, to-wit:

"It is agreed and understood that after the expiration of the primary term of one year and at any time thereafter within the period provided in Paragraph 4 above, Nueces may, if it so elects, repurchase and repossess the pipe line herein sold and conveyed to Southern as then existing by giving Southern 120 days notice of its intention to purchase, said purchase to be made for a consideration of $10.00 cash, plus the actual cost of the materials used and necessary for Southern to repair and recondition, or replace the said line and plus one-half of the cost of the necessary labor actually used in installing the repairs and maintaining said line, but less 10% per an-num depreciation on the said cost of materials and one-half of the said cost of labor. In the event Nueces exercises its option to repurchase and repossess the gas pipe line, all obligations of Southern under this contract will be terminated at the time Nueces takes over the line."

In addition to this provision the contract obligated appellants to (1) sell to Nueces, for a period of one year, sufficient gas to meet the requirements of Nueces under its contract with the City of Robstown, and (2) transport all gas, for the duration of the war and for six months thereafter, needed by Nueces in the fulfillment of its contract with the City of Robstown. Provisions were made relative to metering the gas, the price to be paid for the gas and its transportation and other pertinent matters.

On January 25, 1945, Nueces conveyed to appellees various properties then owned by it. Among other things conveyed was a contract with the City of Robstown to furnish it gas and the right to repurchase and repossess the gas line involved herein. The conveyance of the contract with the City of Robstown was made subject to the approval of the City, which was given by an ordinance.

■ It is conceded by all parties that, under the provisions of Art. 569, Vernon's Ann.Civ.Stats., reading as follows: "The obligee or assignee of any written instrument not negotiable by the law merchant, may by assignment transfer all his interest therein to another", all contracts, whether negotiable or not, are assignable with certain exceptions. Two well recognized exceptions to this well-known general rule are:

"A contract establishing a personal relationship between the parties is not assignable."

"A contract providing for credit between the parties is not assignable."

■ There can be no question but wherever the contracting parties have relied on the skill, character or credit of each other, the law will not permit one of such parties to substitute for himself another person or corporation in which the opposite party may not repose an equal trust or confidence. Amsco Pipe Line Co. v. Donico

Production Company, Tex.Civ.App., 112 S.W.2d 483; Arkansas Valley Smelting Co. v. Belden Mining Co., 127 U.S. 379, 8 S.Ct. 1308, 32 L.Ed. 246; Magnolia Petroleum Co. v. Havoline Auto Supply Company, Tex.Civ.App., 172 S.W. 759; Menger v. Ward, 87 Tex. 622, 30 S.W. 853.

 Appellants contend that the contract between them and Nueces dated December 29, 1943, was unassignable, because it provided for mutual obligations arising out of a joint operation requiring the exercise of a high degree of skill and that it contemplated the extension of credit between the parties and the indemnification of any party injured by the act of the other. Thus it is contended that each party relied on the skill, credit and character of the other and was entitled to continue such reliance throughout the life of the contract. We overrule this contention insofar as that part of the contract which provided for the repurchase and repossession of the gas transmission pipe line is concerned. Under all the circumstances presented, this part of the contract is severable from other portions of the contract, and it is the only part sought to be specifically performed. That part of the contract which is here sought to be performed does not compel appellants to sell appellee gas or to transport gas for it, neither does it involve the extension of credit. The only purpose of appellee is to exercise the option to repurchase and repossess the gas transmission line. 10 Tex. Jur. 321, §§ 185, 186; Burkhart v. Brownfield, Tex.Civ.App., 33 S.W.2d 885; Stanley v. Sumrell, Tex.Civ.App., 163 S.W. 697.

The cases cited by appellants are distinguishable from the case at bar. In Menger v. Ward, supra, the option to purchase provided for an extension of credit, while in the case at bar the option to repurchase was for cash. In Arkansas Valley Smelting Co. v. Belden Mining Company, supra, the ore was to be paid for not on delivery but as often as a hundred tons had been delivered. The price to be paid for the ore was not fixed by contract but was to be determined by the assay of the ore to be made by the parties. Nothing of the kind is involved in the case at bar. In the case of Magnolia Petroleum Company **v.** Havoline Auto Supply Company, supra,

the suit was to compel Magnolia to deliver to an assignor of the contract gasoline to be paid for after thirty days' credit. Here there is no suit to compel appellants to deliver anything other than the transmission line.

In Amsco Pipe Line Company v. Donico Production Company, supra, the contract was to sell at a price to be posted by the buyer. Clearly such a contract would not be assignable.

The trial court properly ordered specific performance of that part of the contract relating to the option to repurchase and repossess the gas transmission pipe line.

The judgment is affirmed.