## WHITE v. ADAMS et al.
### No. 11703.

Court of Civil Appeals of Texas. San Antonio.

April 16, 1947.

Morriss, Morriss & Boatwright, of San Antonio, Frank W. Steinle and Arnold W. Franklin, both of Jourdanton, for appellant.

A. N. Steinle, of Jourdanton, for appellee.

NORVELL, Justice.

The appellant, S. B. White, brought this action in trespass to try title against Ed Adams and Floyd M Nealis, seeking a recovery of title and possession of 48 acres of land situated in Atascosa County, Texas. Adams disclaimed. Nealis pleaded not guilty and sought specific performance of a contract of sale originally entered into between appellant, S. B. White, and Rufus A. Patterson.

Judgment was for Nealis upon his plea of not guilty and a decree of specific performance was rendered.

The parties agreed that S. B. White was the common source of title. On February 14, 1946, White entered into a written contract of sale with Rufus A. Patterson, under the terms of which he agreed to convey the property here involved to Patterson for a total consideration of $3,000. Under this agreement Patterson obligated himself to pay $200 to a designated escrow agent and to execute four promissory notes, aggregating the principal sum of $2,800.

Patterson died without consummating the contract and did not execute the promissory notes described therein. His widow made the following endorsement on the contract:

"For a valuable consideration I hereby transfer all interest in the above contract to Floyd M. Nealis.

"Mrs. Golda W. Patterson
"Individually and as survivor of the community estate of myself and my deceased husband, Rufus A. Patterson."

**624**

■ Appellee has filed no brief, consequently, we accept as correct the statements made by appellant in his original brief, in regard to facts and the record. Rule 419, Texas R.C.P. Bridges v. Williams, Tex. Civ.App., 171 S.W.2d 372.

· It is stated in appellant's brief that: "Appellant did not agree in writing to sell the land in controversy to appellee. Sale of the land under the contract of February 14, 1946, was made to Rufus A. Patterson, not appellee Nealis. The proposed sale from appellant to Patterson was on credit, that is, Patterson's credit. Appellant did not agree, either orally or in writing, to substitute the credit of Nealis for that of Patterson. Appellee Nealis did not move into possession of the land and pay the entire purchase price to appellant or tender the purchase price to appellant, in money or notes, and make permanent and valuable improvements on the land in question. Neither Mr. Patterson during his lifetime, nor did his wife after his death, ever move into possession of the land in question and pay the purchase price, either in notes or money, nor offered to do same, and also make permanent and valuable improvements on the land in question. The alleged contract sought to be specifically performed by appellee Nealis even at most rested partly in writing and partly in parol. Appellant pleaded in defense, among other things, to the action for specific · performance, the statute of frauds. At no time prior to the filing of the suit, nor during the pendency of the suit, nor during the trial of the suit, nor at any time since the trial of the suit, has Mr. Patterson or his wife even tendered any notes in compliance with the contract. Appellee Nealis did not prior to the institution of the suit, nor during its pendency, nor during the trial of the suit, nor at any time since the trial of the suit, tender any notes or payment of the purchase price in compliance with the terms of the contract."

■ Under the facts as above stated, the judgment must be reversed. "A contract providing for credit between the parties is not assignable." Southern Community Gas Company v. Houston Natural Gas Corporation, Tex.Civ.App., 197 S.W.2d 488, 489, writ refused. "Every one has a right to select and determine with whom he will contract and another can not be thrust upon him without consent." 12 Am.Jur. 532; Sutton v. Shanley, Tex.Civ.App., 192 S.W. 2d 567.

The judgment appealed from is reversed and the cause remanded to the trial court with instructions to render judgment for appellant for the title and possession of the lands and premises described in appellant's first amended original petition.

Reversed and remanded with instructions to enter judgment.