**C. J. KINMAN, Appellant,**

v.

**Louis N. HOWARD and Corrine J. Howard, Appellees.**

**No. 5011.**

Court of Civil Appeals of Texas, Waco.

March 18, 1971.

Rehearing Denied April 15, 1971.

Geary, Brice, Barron & Stahl, Marlow R. Preston & Gerald P. Urbach, Dallas, for appellant.

Robt. M. Kendrick, Ft. Worth, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Kinman from summary judgment that he take nothing against defendants Howard, in a suit for damages for breach of a contract to sell real estate.

Plaintiff Kinman sued defendants Howard for damages for alleged breach of a written contract to sell their home located on four acres. Plaintiff alleged defendants contracted in writing to sell their home to I. C. Deal; that thereafter Deal assigned his contract to plaintiff for a valuable consideration; that defendants were advised of such assignment; did not object to same; but have not complied with such contract although demands have been made upon them to perform.

Defendants filed answer and plea in abatement asserting they did not contract to sell to plaintiff and that defendants contract to sell to Deal is not assignable to plaintiff.

Defendants moved for summary judgment, which motion was sustained, and the trial court rendered judgment plaintiff take nothing.

Plaintiff appeals on 4 points contending: 1) No consent to assign the contract was required; 2) Fact issues were presented as to whether defendants consented to the assignment; or are estopped to object to the assignment; or waived their right to object to such assignment.

Defendant Howard and wife contracted in writing to sell I. C. Deal their home located on four acres for $58,500. payable $32,500. cash and assumption by Deal of the Howard's first lien note payable to Oak Cliff Savings and Loan Association. Before the scheduled closing Deal assigned the contract to plaintiff. Defendants did not consent to the assignment and refused to execute a deed to Kinman when called on to close the transaction.

The contract between defendants and Deal provides: "This contract embodies the complete contract between the parties and cannot be varied or terminated except by the written agreement of the parties."

The Howards have not given their consent orally or in writing to the assignment from Deal to plaintiff.

Moreover, the contract provided for extention of credit from the Howards to Deal (in that Deal was to assume the Howard's obligation of $26,000. to the Savings and Loan Company).

Plaintiff asserts since defendants were advised Deal had assigned to plaintiff, and did not object to such assignment that defendants waived objection, consented to the assignment, or are estopped to object.

The contract itself provides it cannot be varied except by written agreement of the parties. Such written agreement was not given.

Moreover a contract providing for credit between the parties is not assignable. Southern Community Gas Co. v. Houston Nat. Gas Corp., Tex.Civ.App. Er. Ref. 197 S.W.2d 488. And everyone has a right to select and determine with whom he will contract and another cannot be thrust upon him without consent. Sutton v. Shanley, Tex.Civ.App. (NWH), 192 S. W.2d 567; White v. Adams, Tex.Civ.App. (NWH), 201 S.W.2d 623; Central Power and Light Co. v. Purvis, Tex.Civ.App. Er. Ref., 67 S.W.2d 1086.

Defendants agreed to sell to Deal. Deal was to assume defendant's note at the loan company. Defendant did not agree either orally or in writing to substitute the credit of plaintiffs to that of Deal.

The judgment is correct. Plaintiff's points and contentions are overruled.

Affirmed.