Derrell MOORE, Independent Executrix of the Estate of Morris B. Moore, Deceased, Appellant,

v.

J. V. MOHON, et ux., Olga Mohon, Appellees.

No. 5343.

Court of Civil Appeals of Texas, Waco.

Sept. 19, 1974.

Z. T. Fortescue, III, Dallas, for appellant.

Donald Eastland, Hillsboro, for appellees.

## OPINION

JAMES, Justice.

This is an appeal from a summary judgment. Morris B. Moore on February 6, 1959, entered into a written contract to purchase a tract of land located in Travis County, Texas, from Appellee J. V. Mohon. Pursuant to the contract, Morris B. Moore was furnished an owner's title policy commitment (title insurance binder) which informed him of the pendency of a lawsuit pending in a District Court of Travis County, Texas, styled, "R. M. Hutt, et al., vs. J. V. Mohon, et al.," wherein was involved the tract of land which was the subject matter of the Moore-Mohon contract. Learning this, Mooris B. Moore filed an intervention in the above lawsuit praying among other things for specific performance of his contract with Mohon or in the alternative for damages for breach of contract.

That portion only of the cause which involved the controversy between Morris Moore, Intervenor, and J. V. Mohon, et ux, Defendants was transferred to Hill County, Texas, pursuant to a plea of privilege hearing.

Thereafter, in July 1972, Morris B. Moore died testate. His former spouse, Mrs. Derrell Moore, was appointed and qualified as Independent Executrix of his estate and was substituted as party Intervenor in place of Morris B. Moore, Deceased.

Defendants-Appellees Mohons moved for a summary judgment, which after hearing, the trial court granted, wherein it was decreed that Intervenor-Appellant Derrell Moore take nothing from the Mohons, from which summary judgment Intervenor appeals.

Appellant contends the trial court erred in granting the summary judgment because (1) Defendants failed to demonstrate the absence of material fact issues; (2) that Defendant J. V. Mohon's affidavit in support of the motion for summary judgment

is based upon conclusions of Defendant Mohon as opposed to stating facts; and (3) that Defendants failed to establish as a matter of law that they (Defendants) were entitled to judgment.

In the case at bar Defendants pleaded the Statute of Frauds (Section 26.01, Vernon's Texas Code Annotated, Business and Commerce), alleging that the written contract in question was invalid and unenforceable in that it was "not sufficiently certain to define the nature and extent of its obligations, and—cannot fix the legal liability of the parties thereto—", and was therefore unenforceable to authorize either a judgment of specific performance or of damages.

■ Defendants-Appellees assert the legal insufficiency of the written contract in many particulars; however, we will point out only one patent ambiguity on the face of the instrument which renders the contract unenforceable either at law or in equity, namely: The consideration portion of the contract reads as follows:

"The purchase price is $110,000.00 payable as follows: $10,000.00 cash (of which Purchaser has deposited with the undersigned agent $5,000.00 as part payment, receipt of which is hereby acknowledged by said Agent); and a note in the amount of $100,000.00, bearing no interest and payable $5,000.00 per annum. Total price shall be based on acres of actual surveyed acres at $275.00." In the paragraph above the foregoing, wherein the "400 acres more or less" was described, was the recitation: "Said land based on $275.00 per acre."

It is undisputed that the subject property was surveyed, and that it surveyed out at 372.12 acres, which at $275.00 per acre would amount to $102,333.00 as total purchase price. There is a discrepancy of $7,667.00 between this purchase price based on a "per acre" basis and that stated as $110,000.00 in the contract.

With this ambiguity, this contract could not be enforced without the court in effect having to make a new contract for the parties, which would or would not be what the parties intended. How could the ambiguity be resolved? First the court would have to decide which is the real purchase price, $110,000.00 or $102,333.00. If the lesser were taken to be the purchase price, then how would this be apportioned insofar as the down payment and note for the balance is concerned?

We are of the opinion, and hold that the contract in question is too indefinite, uncertain, contradictory, and ambiguous to authorize a judgment of specific performance or a judgment for damages for breach of contract.

■ In the absence of equities removing the case from the operation of the Statute of Frauds, which do not here exist, it is well settled that before a court will decree the specific performance of a contract for the sale of land, or entertain a suit for damages for the breach thereof, the written agreement or memorandum required by the statute must contain the essential terms of the contract, expressed with such certainty and clarity that it may be understood without recourse to parol evidence to show the intention of the parties. Wilson v. Fisher (Tex.Sup.Ct.1945) 144 Tex. 53, 188 S.W.2d 150; Bryant v. Clark (Tex.Sup.Ct.1962) 163 Tex. 596, 358 S.W.2d 614. If the contract is insufficient it not only precludes recovery for specific performance but also for damages for the breach thereof. Wilson v. Fisher, supra. The terms of the contract must be such that neither party can reasonably misunderstand them. It would be inequitable to carry a contract into effect where the court is left to ascertain the intention of the parties by mere guess or conjecture, because it might be guilty of erroneously decreeing what the parties never intended or contemplated. Bryant v. Clark, supra.

■ We recognize that our Supreme Court has long held that the Statute of Frauds does not require that the consideration in a contract for the sale of realty be

expressed in writing. Botello v. Misener-Collins Co. (Tex.Sup.Ct.1971) 469 S.W.2d 793; Garcia v. Karam (Tex.Sup.Ct.1955) 154 Tex. 240, 276 S.W.2d 255. However, in the case at bar, the consideration or total purchase price is set out in the written contract not once, but twice, in different amounts as above stated; both of which are in typewriting as opposed to printed matter. The Intervenor-Appellant stands on the written contract as part of her pleadings and asks for enforcement thereof. It is essential to the validity of the contract that it be sufficiently certain to define the nature and extent of its obligations. If an agreement is so indefinite as to make it impossible for a court to fix the legal liability of the parties thereto, it cannot constitute an enforceable contract. See Walzem Development Co. Inc. v. Gerfers (San Antonio CA 1972) 487 S.W.2d 219, error refused NRE, and the cases therein cited.

■■■ In the case at bar, Intervenor set up in her pleadings the written contract and asked for enforcement thereof. The Defendants pleaded, among other things, an affirmative defense, namely, legal insufficiency of the contract because of the Statute of Frauds. The question in the trial court, as well as on appeal, is not whether the summary judgment proof raises fact issues with reference to the essential elements of Intervenor's claim or cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of Intervenor's cause of action or, where the movants are Defendants relying on an affirmative defense (as here), that *the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to the essential elements of movant-Defendants' affirmative defense.* The provisions of Rule 166–A, Texas Rules of Civil Procedure, are applicable alike to defendants and plaintiffs who move for summary judgment. Gibbs v. General Motors Corp. (Tex.Sup.Ct.1970) 450 S.W.2d 827.

In other words, in the case at bar, the record shows that Defendants are entitled to judgment as a matter of law, and that there is no genuine issue as to any material fact insofar as Defendants' affirmative defense is concerned.

■■■ Intervenor-Appellant contends that Defendants-Appellees "failed to demonstrate the absence of issues of material fact;" that is to say, that on appeal the Defendants as Appellees had the burden of showing the absence of material fact issues. We overrule this contention. It is true that the Defendants as movants for summary judgment had the burden in the trial court as hereinabove set out to entitle them to summary judgment. But Defendants having discharged that burden in the trial court, Intervenor-Appellant has the burden on appeal of showing, a burden which must be borne by all appellants, that the trial court erred in granting the motion for summary judgment. We have carefully studied Appellant's brief and find that she has not pointed out to us a single material fact issue in the record which was not eliminated by the summary judgment proof. Likewise we have carefully examined the record and have found no material fact issues raised therein. If, for the purposes of argument, we say that Defendants failed to meet their burden of proof imposed on them as movants for summary judgment, it is the burden of Intervenor, as Appellant herein, to point out to us how Defendants failed to show that they were entitled to summary judgment. See Anderson v. Borman (San Antonio CA 1973) 489 S.W.2d 945, error refused NRE. This the Intervenor-Appellant has not done, and we are unable to determine from the record and summary judgment proof how Defendants have failed to entitle themselves to summary judgment.

■■■ Moreover, the contract in question is one providing that the purchaser would be extended credit amounting to approximately 90% of the purchase price. The purchaser is dead, and Intervenor-Appel-

lant is the former wife of the purchaser and independent executor of his estate seeking to enforce the contract. A contract providing for credit between the parties is not assignable. Menger v. Ward, (Tex.Sup.Ct.1895) 87 Tex. 622, 30 S.W. 853; Southern Community Gas Co. v. Houston Natural Gas Corp. (San Antonio CA 1946) 197 S.W.2d 488, writ refused; White v. Adams (San Antonio CA 1947) 201 S.W.2d 623, no writ history; Zale Corporation v. Decorama, Inc. (Waco CA 1971) 470 S.W.2d 406, error refused NRE; Kinman v. Howard (Waco CA 1971) 465 S.W.2d 400, no writ history.

 Rights arising out of contract cannot be transferred if they involve a relation of personal confidence, such that the party whose agreement conferred those rights must have intended them to be exercised only by him in whom he actually confided. Menger v. Ward, supra. Whenever the contracting parties have relied on the skill, character or credit of each other, the law will not permit one of such parties to substitute for himself another person in which the opposite party may not repose an equal trust or confidence. Southern Community Gas Co. v. Houston Natural Gas Corp., supra. Everyone has a right to select and determine with whom he will contract and another cannot be thrust upon him without his consent. White v. Adams, supra.

 We recognize that all the cases cited hereinabove generally deal with situations wherein the assignee of a voluntary assignment from the purchaser seeks enforcement of a contract involving extension of credit; whereas, in the case at bar, it is the legal representative (former wife) of a deceased purchaser who seeks enforcement of the contract involving extension of credit by the sellers of 90% of the purchase price. We have been cited no case wherein the legal representative of a deceased purchaser seeks specific performance of a contract involving extension of credit to the purchaser, and we have found none. However, we believe the same reasons for not enforcing a contract involving extension of credit wherein the assignee of the purchaser by voluntary assignment seeks enforcement thereof, likewise apply to the situation in the case at bar, wherein the executrix of the deceased purchaser seeks enforcement of a contract involving extension of credit. In other words, here the Mohons made a contract to sell the property to Morris Moore for 10% down and 90% credit. If specific performance were granted, the Mohons would be required to extend credit not to Morris Moore, but to his former wife Mrs. Derrell Moore, the executor of Morris Moore's estate. In effect, the Mohons would be required to extend credit to a party entirely different from the one they contracted with. For these reasons, we hold the contract is unenforceable either by way of specific performance or of damages.

· The trial court correctly granted summary judgment for Defendants, and said judgment is accordingly affirmed.

Affirmed.