**B. F. FARRELL et ux., Appellants,**

v.

**P. R. EVANS, Appellee.**

**No. 16357.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 21, 1974.

Fred L. Gardner, Houston, for appellants.

William E. Miller, Jr., Houston, for appellee.

EVANS, Justice.

This appeal involves the assignability of an option to purchase granted by the terms of a lease contract.

In December, 1966, B. F. Farrell and his wife, Alta Lou Farrell, as lessors, entered into written lease agreement with Texas Truck and Tractor, Inc., as lessee, covering the lessor's property for a five year term. The lease provided that the lessee had an option to renew for an additional five year period and also granted an option to purchase the leased premises which could be exercised during the renewal term. Texas Truck and Tractor, Inc., exercised the renewal option and thereafter assigned its rights to P. R. Evans who gave notice to the Farrells that he desired to exercise the option to purchase.

In a non-jury trial, the trial court entered judgment for Evans against the Farrells specifically enforcing the option to purchase, finding that the lease had been made; that under the lease agreement the lessee had the right to assign its interest without consent of the lessor; that the lease agreement contained an option on behalf of the lessee or his assignee to purchase the property at a stated price and upon stated terms, and that the lease had been assigned to Evans who gave proper and timely notice of his desire to exercise the option which had been refused by the Farrells.

The Farrells first complain that the trial court's findings are without support in the evidence. Their principal contention is that the lease contract was not admitted in evidence.

We cannot agree with this contention. A review of the testimony of Mr. B. F. Farrell, called as a witness by Mr. Miller, the plaintiff's attorney, shows the following:

"Q Now on or about December 21, 1966, you and your wife entered into a lease agreement of this property with Mr. and Mrs. Imig or Texas Truck and Tractor, Inc.?

"A Yes.

"Q That was a five year lease?

"A Right.

"Q And a five year option?

"A Right.

"MR. MILLER: Now the lease that was executed has been attached to the pleadings in this case. For purposes of identification would there be any doubt, Mr. Gardner?

"MR. GARDNER: No.

"MR. MILLER: Then I think the lease attached to the original petition should be admitted.

"THE COURT: Well, that lease, I tried to read it and some of the words are so faint you can't make them out.

I think you had better introduce a better copy than the one attached to the original. I had a little difficulty reading some of it.

"MR. MILLER: I apologize for that. The original was a little faint and the reproduction may be even fainter.

"Q (Mr. Miller) For purposes of identification, Mr. Farrell, is this the lease entered into between you and your wife and Texas Truck and Tractor?

"A I think so.

"MR. GARDNER: The underlined portions . . .

"MR. MILLER: This a copy I had in the file, Your Honor, upon which I have made a couple of interlineations.

"THE COURT: Are any of the interlineations part of the original lease?

"MR. MILLER: This is the exact copy except with the notations I have made here. (Indicating)

Any objections?

"MR. GARDNER: No objections.

"MR. MILLER: May we have it marked Plaintiff's Exhibit 1.

"THE COURT: Okeh."

Subsequently during the course of trial, Mr. Evans' counsel asked the court if he could go over a portion of the lease agree-ment with the witness. The following discussion occurred:

"THE COURT: If you want, but it is already in evidence, however.

"MR. MILLER: Right, but I would like to have Mr. Farrell . . . have his attention drawn to this.

"THE COURT: All right. Proceed."

Thereafter during the trial, counsel continuously referred to and read from portions of the instrument which had been marked "P–1". It is evident from a reading of the record that both court and counsel considered the instrument to be in evidence and we note that the court incorporated certain provisions in its findings of fact and in its judgment.

■ While a formal presentment and acceptance of this documentary exhibit would have been preferable, the record shows that it was in fact offered and received in evidence, precluding any complaint at this time that it was not in evidence. Robertson Truck Lines v. Hogden, 487 S.W.2d 401 (Tex.Civ.App.1972, writ ref'd, n. r. e.).

The Farrells next argue that the option to purchase provision of the lease contract was not assignable. Paragraph X of the lease provides:

"In further consideration of the undertakings of the Lessee, Lessors hereby grant to Lessee the option to purchase the leased premises and the improvements thereon at any time during the second term of this lease, if the renewal option is exercised by Lessee, for the total sum of $65,000.00, if the Lessor has at such time acquired a certain strip of land now owned by the City of Houston, Texas, adjoining Dacoma Street, and if said strip is then yet owned by the City of Houston, then the total sales price shall be $60,000.00. It is herenow agreed that in the event that the City of Houston shall offer such strip for sale, Les-

sors shall exercise their first right to purchase, and if they do not, do hereby assign to the Lessee the right to buy such property. It is further agreed that if Lessee exercises the purchase option, it will pay $15,000.00, or a maximum of 29% of the total sales price, as a down payment, with the balance bearing interest of 6% per annum, interest and principal to become due semi-annually, and the unpaid balance to become due on or before 15 years from the purchase date, but not until after one year from such purchase. Lessee will be given a credit of $50.00 for each and every month of occupancy prior to the exercise of such option, to apply to the purchase price, but to be deducted from such price after the payment of the down payment as stated above. Lessors will furnish a good and sufficient, insured title to such property, free and clear of all liens or claims except for a vendors' lien securing the unpaid balance from Lessee. Lessee will pay the costs of the mortgage on the unpaid balance."

In Menger v. Ward, 87 Tex. 622, 30 S.W. 853 (1895), the lessee sought to assign an option to purchase the leased premises on the basis that the lease gave him the right to sublet any part or portion of the premises. The Texas Supreme Court held that since the option provided for sale on credit, the right given by the option was personal to the lessee and that absent the lessor's consent, the right was not assignable by the lessee. Our courts have held that contracts for the sale of land on credit are nonassignable unless the consent of the seller has been obtained. Kinman v. Howard, 465 S.W.2d 400 (Tex. Civ.App.—Waco 1971, no writ); White v. Adams, 201 S.W.2d 623 (Tex.Civ.App.— San Antonio 1947, no writ). However, a contract granting an option to purchase on credit may be made specifically assignable by its terms. Zale Corporation v. Decorama, Inc., 470 S.W.2d 406 (Tex.Civ.App.— Waco, ref'd, n. r. e.); Romund v. Ginzel, 259 S.W.2d 619 (Tex.Civ.App.—Waco 1953, no writ).

Paragraph VIII of the lease contract provides:

"Lessee shall have the right to sublet any or all of the said premises, or assign this lease or any interest therein or any part thereof, without further consent of Lessors. But in the event said premises or any part thereof be sublet, or this lease of any interest therein be assigned, Lessee shall remain liable and responsible for the prompt payment of the rent due or to become due hereunder for the full term of this lease, and Lessee shall be liable and responsible for the full performance of any other obligations herein imposed on Lessee."

Paragraph IX provides:

"It is agreed that no modification of the provisions and conditions of this lease shall become effective or take precedence, unless such modifications are especially covered by a written agreement, signed by all parties hereto and made a supplement to this lease. This lease, including all terms, conditions and covenants, shall be binding upon and shall inure to the benefit of each of the parties hereto, their successors, assigns, and legal representatives, the same as if such words had been inserted following the names of the Lessors and Lessee, respectively. This Lease is being delivered and performed in the State of Texas, and shall be construed and enforced in accordance with the Laws of this State."

In our opinion the language of the instrument itself expresses the intent of the parties that the entire contract is to be assignable. In paragraph IX, the lease provides that the words "their successors, assigns and legal representatives," shall be considered as though inserted following the description of the parties as "lessors" and "lessee." By inserting the word "assigns" following the designation "lessors" and "lessee" in paragraph X, the assignability of the option becomes evident. Romund v. Ginsel, supra; see also, Corbin on Contracts, Vol. 4, Sec. 871, pp. 478–81. The written contract is presumed to express the

parties' intention. Angelo v. Deutser, 30 S.W.2d 707 (Tex.Civ.App.—Beaumont 1930, writ ref'd). We hold that the option to purchase was assignable without the Farrells' consent and that the trial court's findings in this respect are supported by the evidence.

The Farrells further complaint of the trial court's findings and holding that Evans gave proper and timely notice of his desire to exercise the option and that the Farrells refused to perform. In related points, the Farrells contend the trial court erred in granting specific performance because there was no finding that Evans had tendered performance and that the judgment incorporated terms of sale which are not supported by the evidence.

 We hold that the evidence supports the trial court's findings that Evans gave timely and proper notice of his desire to exercise the option and that the Farrells refused to perform. The record shows that Evans, through his attorney, gave notice by certified mail of his desire to exercise the option and the terms of such notification recited his desire to exercise the option "according to the terms of said lease." In such notification Evans stated that he desired to proceed with the purchase immediately and asked that a closing date be set for the purchase "under the terms of the lease." The lease agreement set forth no particular form or method of acceptance and the notification was unequivocable and positive in its terms. All that was required of Evans was that he give unequivocal notice to the Farrells, within the option period, of his desire to exercise the option. San Antonio Joint Stock Land Bank v. Malcher, 164 S.W.2d 197 (Tex.Civ.App.—San Antonio 1942, writ ref'd). We are of the opinion that his notification constituted an effective exercise of the option and created a binding contract of sale which the trial court could properly have enforced. A legal tender of performance was not required and upon exercise of the option, Evans had a reasonable time certain in which to consummate the transaction. San Antonio Joint Stock Land Bank v. Malcher, supra; Cowman v. Allen Monuments, Inc., 500 S.W.2d 223, 227 (Tex.Civ.App.—Texarkana 1973, no writ).

We are further of the opinion that the trial court's judgment correctly sets forth the terms of the purchase agreement. The trial court on evidence undisputed found that the Farrells have not acquired from the City of Houston the strip of land adjoining Dacoma Street referred to in the option to purchase. The trial court's judgment specified the total consideration to be $60,000.00, as provided by the option provision, and upon that basis set forth the terms of the deferred consideration as outlined in the option. The fact that the Farrells had not acquired, and therefore could not sell, the strip of land held by the City, did not defeat Evans' right to have the option contract specifically enforced as to the balance of the property. See Best Building Co. v. Sikes, 394 S.W.2d 57 (Tex.Civ.App.—Ft. Worth 1965, writ ref'd n. r. e.).

Affirmed.