J. W. LANCASTER, Appellant,

v.

David A. GREER et al., Appellees.

No. 1159.

Court of Civil Appeals of Texas, Tyler.

Oct. 12, 1978.

Rehearing Denied Nov. 9, 1978.

Bill Pedersen, Jr., Rorie & Pedersen, Nacogdoches, for appellant.

John O. Sutton, Stripling & Sutton, Forrest G. Braselton, Nacogdoches, for appellees.

MOORE, Justice.

This is an appeal from a summary judgment. Plaintiff, David A. Greer, entered into an earnest money contract agreeing to sell 467 acres of land to defendant, Ercell C. Bates. Thereafter, Bates assigned the contract to defendant, J. W. Lancaster, without the knowledge of Greer. After assigning the contract to Lancaster, Bates notified Greer that he had decided to abandon the contract and forfeit the $2,000.00 earnest money. After receiving the earnest money, Greer entered into a contract agreeing to sell the land to a third party. At the time of the anticipated closing of the sale to a third party, Greer discovered that Bates had assigned his contract to purchase the land to Lancaster and that Lancaster had filed the same for record in Nacogdoches County, Texas, where the land was situated. Greer brought suit against Lancaster and Bates alleging the assignment was void and constituted a cloud on his title.

The matter came for hearing before the trial court on motions for summary judgment filed in behalf of all three parties. After severing all issues between defendants Lancaster and Bates, the trial court proceeded with the summary judgment hearing to determine the validity of the assignment from Bates to Lancaster. After the hearing, the trial court entered a summary judgment in favor of the plaintiff Greer finding that the earnest money contract between Bates and Greer was nonassignable and that the attempted assignment from Bates to Lancaster was void and

amounted to a cloud on Greer's title. Greer's claim for damages was denied as moot. The court overruled Lancaster's motion for summary judgment. It is from this ruling and judgment that Lancaster duly perfected this appeal claiming it was error for the trial court to hold that the sales contract was nonassignable as a matter of law.

The facts for the most part are not in dispute. On January 5, 1976, plaintiff entered into an earnest money contract with Bates for the sale of plaintiff's land, and earnest money from Bates in the amount of $2,000 was placed in escrow with Floyd Real Estate. There is evidence that defendants Lancaster and Bates were "partners" in the purchase of the land, and that Lancaster in fact paid Bates one-half of the earnest money which Bates deposited in escrow. However, only Bates signed the contract and Greer had no knowledge of the fact that Lancaster had any interest in the transaction until Greer attempted to sell the land to a third party.

After substantial development problems had arisen, Bates decided to forfeit the contract with Greer. He arranged for Floyd Real Estate to draw up a check forfeiting his earnest money in the amount of $2,000 as liquidated damages payable to the order of Bates and Greer, which check was dated March 26, 1976. That same day, at the urging of defendant Lancaster, Bates signed an Assignment of Sales Contract drawn up by Lancaster's attorney assigning to Lancaster all rights Bates may have had in the contract with Greer. It appears from the record that several days later Bates endorsed the check forfeiting the earnest money to Greer and forwarded same to Greer who endorsed and deposited it to his account. Both endorsements appear under the words "For mutual release of sales-purchase contract of January 1 [sic], 1976."

About a month later Greer, who was unaware of the purported assignment, negotiated a sale of the land in question with a third party. On April 26, 1976, the date the sale to the third party was to be closed, plaintiff discovered that his title was cloud-

ed by the purported assignment of sale to Lancaster which was recorded that same day earlier in the morning. The present action followed.

On appeal Lancaster complains that the trial court erred in granting plaintiff's motion for summary judgment and overruling defendant's motion for same on the ground that, contrary to the holding of the trial court, the sales contract in question is assignable as a matter of law. In reply, Greer argues that the contract was not assignable because it involved the extension of credit to Bates. The sole and only issue to be determined is whether the contract is assignable.

Paragraph 1 of the earnest money sales contract between Greer and Bates contains a description of the land in question as well as the method by which payment for the land shall be exacted. Provisions dealing with the method of payment read in pertinent part:

The purchase price of the land is $500.00 per acre . . . . The cash payment to be made by the buyer is $40,000.00 . . . The buyer shall execute ten vendor's lien notes of even date . . . , each in the principal sum of one-tenth of the deferred consideration, and which said notes shall be payable on, but not before, 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 years after date respectively . . . . .

Paragraph 2 of the contract allows the purchaser to sell any or all of the said tracts of land and provides for the release of the vendor's lien and deed of trust lien affecting such tract provided $600 per acre is paid to the seller's escrow agent. Paragraph 2 reads in pertinent part:

It is further agreed that the above described deed shall contain a provision to the effect that the Buyer will be permitted to sell tracts of any size, and the Seller will execute a release of the vendor's lien and deed of trust lien affecting such tract provided that the sum of $600.00 per acre in the tract to be released shall be deposited with the Stone Fort National Bank of Nacogdoches, Texas, which bank shall be escrow agent.

The money that is deposited in said account shall be used for the purpose of meeting the principal and interest payments . . . . It is further agreed that if there should be an accumulation in said escrow account sufficient to pay all of the unpaid principal and all of the interest to accrue according to the terms of said notes that the Seller will in writing request said escrow bank to remit to the Buyer any such excess. It is also agreed that . . . when said indebtedness, principal and interest, is fully paid the Seller will execute to the Buyer a release of said vendor's lien and deed of trust lien on all of the property described in said deed and deed of trust.

■ Nowhere does the contract authorize assignment, nor does the contract prohibit assignment. The present action turns on the question of the assignability of the earnest money contract. The general rule is that all contracts are assignable. *Zale Corp. v. Decorama, Inc.*, 470 S.W.2d 406, 408 (Tex.Civ.App.—Waco 1971, writ ref'd n. r. e.). However, there are some well-recognized exceptions to the rule. One exception is that rights arising out of a contract which involve an extension of credit between the parties to the contract are not assignable. *Menger v. Ward*, 87 Tex. 622, 30 S.W. 853 (Tex.1895); *Moore v. Mohon*, 514 S.W.2d 508, 513 (Tex.Civ.App.—Waco 1974, no writ history). It has been held that contracts for the sale of real estate which provide for credit from the seller are not assignable. *Kinman v. Howard*, 465 S.W.2d 400 (Tex.Civ.App.—Waco 1971, no writ history); *White v. Adams*, 201 S.W.2d 623 (Tex.Civ.App.—San Antonio 1947, no writ history).

Appellant concedes that paragraph 1 of the earnest money contract which sets out the method of payment provides for an extension of credit, and that if this paragraph alone were in the contract, such contract, being one involving credit, could not be assigned. However, appellant takes the position that paragraph 2 of the contract permits a one-time cash payment of the entire indebtedness without the extension of any credit and therefore is assignable as

a severed portion of the contract. With this position we do not agree.

■ Interpreting the provisions of the contract most favorably toward appellant, there is no provision in any paragraph of the contract which would allow for a total cash payment at closing or which allows for the consummation of the contract of sale unless vendor's lien notes and deed of trust liens are created. This court fails to see how credit cannot be extended, if only for a brief time, when vendor's lien notes and deeds of trust must be created pursuant to the contract terms. Paragraph 1 makes it explicitly clear that the payment for the land is expected to be made in annual installments over a ten-year period. Paragraph 2 specifically states that the money deposited in the escrow account shall be used for the purpose of meeting the principal and interest payments. This money is not to be considered a cash payment for a tract of land, but rather a prepayment of the principal and interest on the notes. Obviously, credit must be extended before any notes could be executed in order to be prepaid. The rationale underlying the exception to the general rule is that credit contracts by their very nature involve a relationship between the seller and the buyer of personal confidence and trust, such that the seller must have intended the rights conferred by the contract to be exercised only by him in whom he actually confided. *Menger v. Ward*, supra. Whenever the contracting parties have relied on the skill, character or credit of each other, the law will not permit one of the parties to substitute for himself another person in whom the opposite party may not repose an equal trust or confidence. *Southern Community Gas Co. v. Houston National Gas Corp.*, 197 S.W.2d 488, 489 (Tex.Civ.App.—San Antonio 1946, writ ref'd).

As the essential nature of the earnest money contract is one extending credit, a relationship of personal trust and confidence was intended and created between Greer and Bates such that the law will not permit in the absence of Greer's consent the substitution of another party for Bates. It is undisputed that Greer did not consent to the assignment.

This relationship of personal trust is not only borne out in paragraphs 1 and 2 of the contract but also in paragraph 4. The seller places reliance not only on the buyer's financial ability but also on their personal relationship of trust and confidence by obligating the buyer to commence the construction of an access road to the property in question ". . . without reference to whether said contract of sale is consummated. . . ."

■ We hold that the earnest money contract is not assignable in whole or part as a matter of law since it involves an extension of credit by the seller to the purchaser, and because of the personal confidence and trust involved in building an access road regardless of consummation of the contract. It follows that the instrument assigning the contract from Bates to Lancaster is null and void. Since the record reveals that no genuine issue of fact remains to be determined, we hold the trial court properly disposed of the cause in granting plaintiff's motion for summary judgment and in denying defendant's motion. Tex.R.Civ.P., Rule 166–A(c); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970).

The judgment of the trial court is affirmed.