# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00658-CV

**Robyn N. Jones, Appellant**

**v.**

**Wells Fargo Bank, N.A., Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 428TH JUDICIAL DISTRICT
### NO. 11-0479, HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Robyn N. Jones appeals the trial court's partial summary judgment in favor of Wells Fargo Bank, N.A., on her claim seeking a declaration that she is a principal obligor on a mortgage note issued by the bank to her ex-husband and "assigned" to her by her ex-husband pursuant to a divorce decree. Jones contends that the trial court erred in granting Wells Fargo's partial summary-judgment motion and denying hers because she was entitled to a declaration as a matter of law that she became a borrower under the note as a result of the assignment and her assumption of the debt. She also contends that federal law prohibits Wells Fargo from refusing to consent to her assumption of the debt. We will affirm the trial court's final judgment dismissing all of Jones's claims.[1]

---

[1] After the trial court granted Wells Fargo's motion for partial summary judgment on Jones's declaratory-judgment claim, the parties agreed that Jones would dismiss with prejudice her

## DISCUSSION[2]

While the general rule in Texas is that all contracts are freely assignable, *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 596 (Tex. 1992), there is an important exception to this rule for contracts providing credit to a debtor. *See In re FH Partners, L.L.C.*, 335 S.W.3d 751, 761 (Tex. App.—Austin 2011, orig. proceeding) ("Texas courts have long held that a debtor cannot assign an extension of credit or delegate its duty to pay a creditor without the creditor's consent."). This longstanding rule "reflects a view that a creditor's agreement to extend credit inherently contemplates a specific debtor and that the creditor should not be effectively forced to extend credit to a different debtor without the creditor's consent." *Id.* (citing *Menger v. Ward*, 87 Tex. 622, 626 (1895)); *Lancaster v. Greer*, 572 S.W.2d 787, 790 (Tex. Civ. App.—Tyler 1978, writ ref'd n.r.e.) ("The rationale . . . is that credit contracts by their very nature involve a relationship between the seller and buyer of personal confidence and trust, such that the seller [who extends credit] must have intended the rights conferred by the contract to be exercised only by him in whom he actually confided.").

A grantee's assumption of a note from the original borrower does not bind the lender unless the lender consents to the assumption of the note or takes action to recognize the grantee as the primary debtor. *See La-Rey, Inc. v. Kowalski*, 433 S.W.2d 530, 533 (Tex. Civ. App.—San Antonio 1968, no writ) (concluding that "Kowalski remained primarily liable to the

remaining claims, and the trial court rendered an Agreed Order of Dismissal, which finally disposed of all matters between the parties.

[2] Because the parties are familiar with the facts, procedural background, and applicable standard of review, we dispense with a recitation of those here except as necessary to explain the reasons for our decision. *See* Tex. R. App. P. 47.4.

Bank, since it did not consent to the assumption of the note or take any other action to recognize appellant as the primary debtor"); *Magnolia Petroleum Co. v. Havoline Auto Supply Co.*, 172 S.W. 759, 761 (Tex. Civ. App.—Dallas 1914, no writ) (noting that although party "was willing to give credit to [the debtor], it does not follow that he was willing to give credit to [the debtor's assignee] . . . [and] could not be forced to do so by mere assignment of the contract"); *see also Straus v. Brooks*, 148 S.W.2d 393, 396 (Tex. 1941) (holding that assumption of contract as consideration for purchase of property becomes contract under which one making assumption becomes principal obligor only "when accepted by the payee of the obligation assumed, or the mortgagee"); *Moore v. Mohon*, 514 S.W.2d 508, 513 (Tex. Civ. App.—Waco 1974, no writ) (holding that wife of deceased purchaser was not entitled to specific enforcement of contract involving extension of credit to deceased purchaser for land purchase because contracts providing for credit between parties are not assignable). Because there is no summary-judgment evidence demonstrating that Wells Fargo consented to the "assignment" or assumption of the note by Jones, the trial court did not err in granting Wells Fargo's motion for partial summary judgment on her claim seeking a declaration that she is a principal obligor on the note.

Notwithstanding this well-settled exception to the assignment of contracts and Wells Fargo's failure to consent to her assumption, Jones contends that because the note recited that the term "borrower" means "each person signing at the end of this Note, and the person's successors and assigns," it necessarily follows that the note was freely assignable and did not require Wells Fargo's consent for her to assume the debt and become a principal obligor. We disagree. The language defining the term "borrower" does not explicitly authorize assignment, and absent such

3

explicit authorization, we will follow the longstanding rule in Texas requiring a lender's consent before it is bound by a third-party's assumption of a debtor's debt. *See Lancaster v. Greer*, 572 S.W.2d 787, 789 (Tex. Civ. App.—Tyler 1978, writ ref'd n.r.e.) (noting that where earnest money contract neither explicitly authorized nor prohibited assignment, general rule that contracts extending credit are not assignable absent creditor's consent governs). Even if Jones's assumption of her ex-husband's debt in consideration of his conveyance of the property constituted a legal "assignment" of his rights under the note as between the two of them, under Texas law it does not bind Wells Fargo to that "assignment" absent its consent. *See In re FH Partners*, 335 S.W.3d at 761.

Jones also claims that the trial court erred in granting Wells Fargo summary judgment because the Garn-St. Germain Depository Institutions Act of 1982 (the Act) preempts Wells Fargo's right under state law to refuse to accept or consent to her assumption of the note. *See* 12 U.S.C. § 1701j-3(d)(7) (prohibiting lender from exercising "due-on-sale" (acceleration of debt) right "upon . . . a transfer resulting from a decree of dissolution of marriage . . . by which the spouse of the borrower becomes an owner of the property"). However, the provision cited by Jones restricts the lender's right to accelerate the debt; it does not restrict the lender's right to reject an assumption of the debt. *See id.*; *see also Wilson v. Bank of Am., N.A.*, 48 F. Supp. 3d 787, 796–97 (E.D. Pa. 2014) (deeming Act to be "irrelevant" as to whether transferee of real property has assumed mortgage pursuant to lender's credit standards). Furthermore, the provision prohibits the acceleration of a debt "upon" the specified transfers; here, Wells Fargo did not accelerate the loan upon the parties' divorce and transfer of the property to Jones but, rather, several years later upon default by non-payment.

4

*See Smith v. Green Tree Servicing, LLC*, No. C13-1573RSL, 2014 WL 1319821, at \*2 (W.D. Wash. Mar. 28, 2014) (holding that Act did not apply when borrower's spouse obtained property through divorce and five years later defaulted by non-payment).  We hold that the Act does not entitle Jones to the relief she seeks in this lawsuit or preempt Texas state law under these circumstances.

## CONCLUSION

We affirm the trial court's final judgment dismissing all of Jones's claims.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   July 22, 2016

5